IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, # K-83253, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-594-MJR |
| ) | |
| ILLINOIS DEPARTMENT ) | |
| of CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This is the second of two civil rights actions Plaintiff filed with this Court in June 2013. *See also Owens v. Illinois Department of Corrections, et al.*, Case No. 13-cv-530 (S.D. Ill. filed June 7, 2013). In this action, Plaintiff asserts claims against forty-four defendants, including the current and several former Directors of the Illinois Department of Corrections ("IDOC"), staff of the IDOC's Administrative Review Board ("ARB"), and various officials at four prisons where he has been confined: Hill Correctional Center ("Hill"), Big Muddy River Correctional Center ("BMRCC"), Pinckneyville Correctional Center ("Pinckneyville"), and Lawrence Correctional Center ("Lawrence").[1] Plaintiff is serving two 30-year sentences for two criminal sexual assault convictions.

Plaintiff claims that officials at Hill, BMRCC, Pinckneyville, and Lawrence

---

[1] Although Plaintiff makes passing reference to Menard Correctional Center ("Menard") in the complaint, he does not name the institution, or any of its employees, in this action. He also makes no specific allegations against Menard officials. Should Plaintiff wish to bring an action against Menard, he must take appropriate steps to do so.

unconstitutionally deprived him of access to the courts (Doc. 1, p. 8).  Officials denied Plaintiff access to the law library, his excess legal boxes, his legal mail, and legal supplies, among other things.  Officials conspired to deny him access to the courts in retaliation for filing grievances and lawsuits.  Plaintiff missed important legal deadlines and forfeited claims.  In addition to his court access claim, Plaintiff raises a claim that prison officials illegally confiscated his trust fund money.  He also challenges the constitutionality of several Illinois state and federal laws.  Plaintiff seeks nominal, compensatory, and punitive damages, as well as injunctive relief and declaratory judgment (Doc. 1, pp. 44-52).

Because the incidents giving rise to the complaint date back to 2006, Plaintiff has filed a "motion for leave to file late complaint" (Doc. 3).  Plaintiff has also filed a motion for preliminary injunction (Doc. 2).  The Court will address both motions in this order.

**The Complaint**

    1.    Hill

Plaintiff was incarcerated at Hill from May 2006 until 2008 (Doc. 1, p. 9).  At the time, he was involved in three pending lawsuits.  Despite this fact, Plaintiff's access to the prison law library—and corresponding access to a notary public and copy service—was limited to no more than four hours per month (Doc. 1, pp. 9-12).  Often, Plaintiff had less time.  He was also repeatedly denied access to his excess legal boxes (Doc. 1, p. 12).

The mailroom and business office thwarted Plaintiff's efforts to serve defendants with legal documents, including complaints and subpoenas, by returning the documents to him marked "privileged must have funds" or "not considered legal mail" (Doc. 1, pp. 18-20).  Either way, Plaintiff was required to pay for postage, which he could not do because prison officials confiscated all money he received (Doc. 1, p. 8).  Defendant Robke, the prison's business

manager, would not process Plaintiff's requests for payment of postage and fees. When Plaintiff sought injunctive relief through the local court, the business office failed to issue payment for Plaintiff's filing fee (Doc. 1, p. 20).

Plaintiff blames his failure to meet litigation deadlines on his lack of access to the law library, legal boxes, mail, and supplies (Doc. 1, pp. 13, 20, 28). He missed litigation deadlines in January 2007 and April 2008 (Doc. 1, pp. 13, 28). Further, Plaintiff's action seeking injunctive relief was dismissed for failure to pay the required filing fee (Doc. 1, p. 20).

Plaintiff filed numerous grievances at Hill to address these issues. The grievances were denied or unsatisfactorily answered by Defendants Johnston and Winick (counselors). Their decisions were upheld or ignored by Defendants Pampel and Schisler (grievance officers), Acevedo and Wright (former wardens), Miller (ARB staff), and Walker (former IDOC director) (Doc. 1, pp. 11-12). Plaintiff now sues these defendants, as well as Defendant Robke, for unconstitutionally denying him access to the courts, retaliation, and conspiracy.

 2. BMRCC

Plaintiff transferred to BMRCC in 2008. There, his problems with legal access persisted. With numerous impending litigation deadlines, Plaintiff was denied photocopies, envelopes, and paper[2] (Doc. 1, pp. 28-30). The law library closed for three weeks. Defendant John Doe #2 (educational facility administrator) denied Plaintiff's requests for library access (Doc. 1, pp. 28-30, 37). Defendant Robinson (correctional officer) did not allow Plaintiff to use a valid call pass to access his excess legal boxes (Doc. 1, p. 13).

The mailroom refused to forward summonses in one of Plaintiff's legal actions to the local sheriff for service on the opposing party because they did not qualify as legal mail and because of insufficient funds (Doc. 1, p. 22). Plaintiff submitted money vouchers for postage, to

---

[2] BMRCC limited distribution of paper to five sheets per inmate for each library session.

no avail. The mailroom also rejected Plaintiff's request for information to the IDOC under the Freedom of Information Act in February 2010 for the same reasons.

In retaliation for a favorable decision in one of Plaintiff's lawsuits, Defendant Butler (correctional officer) confiscated Plaintiff's money vouchers for legal copies and postage, ticketed Plaintiff for possession of contraband, and ordered the destruction of the vouchers on January 8, 2010 (Doc. 1, p. 23). Defendants Spencer and Cotton (correctional officers) confiscated Plaintiff's legal papers from his property box and stored them outside of his cell (Doc. 1, p. 39). BMRCC officials also destroyed receipts, which Plaintiff needed to file with the Court in order to recover costs.

As a result of the unconstitutional denial of Plaintiff's access to the courts, Plaintiff failed to meet numerous litigation deadlines. One of his cases was dismissed by the trial court and appellate court for failure to prosecute and was ultimately denied by the Illinois Supreme Court (Doc. 1, p. 22).

Plaintiff filed grievances at BMRCC to address these issues. The grievances were denied or unsatisfactorily answered by Defendants Asbury, Gaddis, Russell, and Tasky (counselors) and upheld or ignored by Defendants Sanders and Winsor (grievance officers), Allen, Anderson, Benton, Fairchild, and Miller (ARB staff), Childers and Valdez (program committee chairs), Evans (former warden), and Randle and Walker (former IDOC directors) (Doc. 1, p. 13). Plaintiff now sues these defendants—as well as Defendants Butler, Cotton, Doe #2, Robinson, and Spencer—for unconstitutionally denying him access to the courts, retaliation, and conspiracy.

    3.    <u>Pinckneyville</u>

Plaintiff faced similar barriers to legal access at Pinckneyville in 2010 and 2011.

Pinckneyville officials granted Plaintiff access to the law library only once in eight months (Doc. 1, pp. 10, 12). When Plaintiff filed a grievance seeking access prior to an appeal deadline of March 14, 2011, prison officials waited to grant his request until three days later.

Plaintiff had difficulty accessing his excess legal boxes as well (Doc. 1, p. 14). He waited two months to access his legal boxes for the first time. When he arrived at the law library on August 14, 2010, no boxes awaited him. After three months, he was allowed to view one box, which Defendant Heidemann stored in an unsecured area. Unfortunately, Plaintiff needed information from another legal box. After four months, he had only been allowed access to one box twice, not the one he needed.

Defendant Dintleman's policy limiting the monthly distribution of legal supplies to two envelopes, ten sheets of paper, and one pen thwarted Plaintiff's access to the courts (Doc. 1, pp. 31-32). At the time, Plaintiff was denied placement on the indigent list and could not obtain these items elsewhere. Plaintiff was involved in four lawsuits with looming deadlines and limited supplies.

Defendant Belford (corrections officer) confiscated an envelope containing Plaintiff's case notes and cards (Doc. 1, p. 41). Plaintiff was issued a disciplinary ticket and sent to segregation because of tape on the envelope (Doc. 1, p. 42). Upon his arrival in segregation, Plaintiff's case notes (900 cases) and cards (1,500 cases) were confiscated and never returned by Defendant Harris (corrections officer), despite the fact that Plaintiff's disciplinary ticket was expunged.

Along with numerous other litigation deadlines, Plaintiff faced an impending briefing deadline, which came and went. The Court ultimately rejected Plaintiff's brief. Plaintiff blames a lack of access to his legal boxes, legal supplies, case law, and copies.

Plaintiff filed several rounds of grievances at Pinckneyville to address these issues. The grievances were denied or unsatisfactorily answered by Defendants Doe #1, Dolce, Fritts, Lutz, and Paulmeyer (counselors) and upheld or ignored by Defendants Deen (grievance officer), Allen and Fairchild (ARB staff), Davis (former warden), and Taylor (former IDOC director), and Godinez (current IDOC director) (Doc. 1, p. 14). Plaintiff now sues these defendants—as well as Defendants Belford, Dintleman, Harris, and Heidemann—for unconstitutionally denying him access to the courts, retaliation, and conspiracy.

    4.    <u>Lawrence</u>

At Lawrence, Plaintiff continued to face similar problems. He was allowed only one library visit in three months and less than eight hours of total library time in five months (Doc. 1, pp. 11-12). Defendant Musgrave denied Plaintiff's request for library access, even after he told her that he faced an impending statute of limitation deadline and produced documentary support (Doc. 1, p. 38). Despite repeated requests for access to his excess legal boxes beginning in December 2012, Plaintiff still had not seen them as of May 2013 (Doc. 1, p. 17).

Plaintiff filed a grievance with Defendant Kittle (counselor) and an emergency grievance with Defendant Hodges (warden) to address the issue. He received denials or unsatisfactory responses to both. Plaintiff now sues Defendants Hodges, Kittle, and Musgrave for unconstitutionally denying him access to the courts, retaliation, and conspiracy.

    5.    <u>Other Claims</u>

Plaintiff raises two other claims in his complaint. First, Plaintiff claims that prison officials at Hill, BMRCC, Pinckneyville, and Lawrence illegally confiscated all money he received from any source from April 26, 2006, forward (Doc. 1, p. 8). Second, Plaintiff challenges the constitutionality of 20 ILL. ADMIN. CODE § 525.110(h) (Doc. 1, pp. 24-26).

Plaintiff claims that the definition of "legal mail," which does not include mail sent to the sheriff, violates prisoners' due process rights when read in conjunction with 20 ILL. ADMIN. CODE § 525.130(a), which does not authorize payment of an indigent inmate's postage for mail sent to the sheriff. Plaintiff alleges that these regulations effectively bar indigent prisoners from access to the courts when prisoners are required, for example, to serve an opposing party with pleadings in order to commence a legal action (Doc. 1, p. 26). Plaintiff asks this Court to declare these regulations unconstitutional.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

**Count 1:** Access to courts claim against:

A) Hill Defendants Johnston, Robke, Winick, Acevedo, and Wright;

B) BMRCC Defendants Asbury, Butler, Cotton, Doe #2, Gaddis, Robinson, Russell, Spencer, Tasky and Evans;

C) Pinckneyville Defendants Doe #1, Dolce, Fritts, Harris, Heidemann, Lutz, Paulmeyer, Dintleman, and Davis; and

D) Lawrence Defendants Musgrave, Kittle,[3] and Hodges.

Count 1 shall proceed against the Defendants to whom Plaintiff directed his requests for law library access, excess legal boxes, legal copies and supplies, and legal mail, and against the

---

[3] Plaintiff did not name this Lawrence counselor in the case caption but raises a claim against Kittle. Therefore, the Clerk shall be directed to add Defendant Kittle as a party to this action.

wardens, who appear to have been responsible for issuing policies regarding law library access and legal supply access.

Plaintiff has failed to state an access to courts claim against the remaining defendants (i.e., IDOC,[4] Allen, Anderson, Belford, Benton, Childers, Deen, Fairchild, Godinez, Miller, Pampel, Randle, Sanders, Schisler, Taylor, Walker, Winsor, and Valdez) because they did not personally participate in a constitutional deprivation, as explained in more detail below.

**Count 2:** Retaliation claim for denial of access to the courts after Plaintiff filed grievances and civil actions complaining about IDOC officials against the same defendants listed in Count 1

**Count 3:** Conspiracy claim against the same defendants listed in Count 1 and 2.

**Count 4:** Constitutional challenge to 20 ILL. ADMIN. CODE §§ 525.110(h), .130(a).

The claims enumerated above involve four groups of Defendants associated with different prisons, some of whom (the Hill Defendants) are located in the Central District of Illinois. These claims may be subject to severance into separate actions pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)). However, Federal Rule of Civil Procedure 20 allows several defendants to be joined in a single action if the claim against them arises out of the same series of transactions or occurrences, and if it involves a question of fact or law common to all defendants. Plaintiff has alleged that the actions he complains of are part of a "systemic and ongoing"

---

[4] The grounds for dismissing the IDOC are explained in more detail below.

practice within the IDOC, an allegation that the Court must accept as true when conducting a § 1915A merits review. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). At this stage, it appears that common questions of law and fact will arise. Moreover, the question of whether this action was timely filed may be more efficiently resolved if addressed jointly in one action. The claims in Counts 1-4 shall be allowed to remain together in this action at this time. However, Plaintiff is advised that, depending on further developments in the case, they may be severed in the future.

**Claims to be Dismissed**

The following allegations fail to state a constitutional claim upon which relief may be granted, and shall be dismissed:

**Count 5:** The "confiscation" of Plaintiff's trust account funds.

While a prison is obligated to provide an inmate with access to the courts by advancing the funds to cover the costs of legal postage and copying legal materials, those advanced funds can be recouped when the inmate receives income to his trust fund account. *See Bounds v. Smith*, 430 U.S. 817 (1977); *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003) ("right to petition for redress of grievances does not imply a right to free writing paper and stamps."); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986) (legal postage costs can be deducted from inmate trust account); *see also* ILL. ADMIN. CODE, tit. 20, § 525.130(a) (2011) (indigent inmates are "permitted to send reasonable amounts of legal mail . . . at State expense if they attach signed money vouchers authorizing deductions of future funds to cover the cost of the postage."). Therefore, Plaintiff cannot complain about the prison taking his state pay to recoup such advanced costs. Count 5 shall be dismissed with prejudice.

**Count 6:** Claims relating to the failure to investigate or respond to Plaintiff's

grievances against all grievance officers, ARB staff, and IDOC directors. Defendants had no duty to investigate or even to respond to Plaintiff's grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Likewise, Plaintiff has no claim against Defendants who merely reviewed Plaintiff's grievances filed over the actions taken by others. This includes IDOC Director Defendants Godinez, Taylor, Randle, and Walker, ARB Defendants Allen, Anderson, Benton, Fairchild, and Miller, IDOC Program Committee Chairs Childers and Valdez, and grievance officers Deen, Pampel, Schisler, Sanders, and Winsor. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In addition, the IDOC Directors and other supervisors cannot be held liable for unconstitutional actions taken by their subordinates. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville*, 266 F.3d at 740. Count 6 shall be dismissed with prejudice.

**<u>Defendant Illinois Department of Corrections</u>**

Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588,

592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Accordingly, the Illinois Department of Corrections shall be dismissed from the action.

**Pending Motions**

Plaintiff has filed a motion for preliminary injunction (Doc. 2) and a "complaint for injunctive relief" (Doc. 5), both of which are identical to motions he filed in *Owens v. Illinois Department of Corrections, et al.*, Case No. 13-cv-530 (S.D. Ill. filed June 7, 2013) (Docs. 2, 3). The motions allege that Defendants have denied Plaintiff access to the law library, legal materials, and supplies, causing him to miss deadlines and have "numerous" state civil cases (which he does not describe further) dismissed. Plaintiff seeks an order requiring the IDOC and its employees to allow him five hours per week to access the law library and his excess legal property boxes, as well as provide him with copies and legal supplies (Doc. 5, p. 2).

At this time, Plaintiff is not under any deadlines with respect to the instant case, so it is premature to consider such extraordinary relief. Both motions (Docs. 2 and 5) are **DENIED**, without prejudice to Plaintiff renewing his request in the event he faces further hindrances to his ability to respond to any future court deadlines or orders.

Plaintiff filed the same motion for leave to file late complaint in this matter that he filed in *Owens v. Illinois Department of Corrections, et al.*, Case No. 13-cv-530 (S.D. Ill. filed June 7, 2013). In the motion, Plaintiff asserts that his inability to file the instant claims earlier resulted from the refusal of prison officials to grant him access to the law library, his legal materials, and his research notes (Doc. 3). As to Plaintiff's motion for leave to file a late complaint (Doc. 3), the complaint (Doc. 1) has been filed by the Clerk to commence this action.

For this reason, the Clerk is **DIRECTED** to **TERMINATE** the motion (Doc. 3).  However, the Court reserves ruling on whether the complaint was timely filed with respect to the applicable two-year statute of limitations until such time as this issue may be raised by any Defendant.

**Disposition**

The Clerk is **DIRECTED** to add **KITTLE** as a Defendant in this action.

**COUNTS 5** and **6** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **ALLEN, ANDERSON, BELFORD, BENTON, CHILDERS, DEEN, FAIRCHILD, GODINEZ, ILLINOIS DEPARTMENT OF CORRECTIONS, MILLER, PAMPEL, RANDLE, SANDERS, SCHISLER, TAYLOR, WALKER, WINSOR,** and **VALDEZ** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **ACEVEDO, ASBURY, BUTLER, COTTON, DAVIS, DINTLEMAN, DOE #1, DOE #2, DOLCE, EVANS, FRITTS, GADDIS, HARRIS, HEIDEMANN, HODGES, KITTLE, JOHNSTON, LUTZ, MUSGRAVE, PAULMEYER, ROBINSON, ROBKE, RUSSELL, SPENCER, TASKY, WINICK,** and **WRIGHT**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Defendants (John Does #1 and #2)

until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment

of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 24, 2013**

s/ MICHAEL J. REAGAN<br>United States District Judge